[Cite as *In re J.J.*, 2015-Ohio-4988.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102610

# In RE: J.J.

# A Minor Child

[Appeal by R.J., Father]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 09705200

**BEFORE:**    Stewart, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    December 3, 2015

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
Standard Building, Suite 450
1370 Ontario Street
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

**For C.C.D.C.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor

Joseph C. Young
Assistant County Prosecutor
P.O. Box 93894
Cleveland, OH 44101

**For Mother, L.J.**

L. J.
6313 Eldridge Boulevard
Bedford Heights, OH 44146

MELODY J. STEWART, J.:

**{¶1}** Plaintiff-appellant R.J., father, appeals from an order of the juvenile court adopting the magistrate's decision in a child support dispute. For the reasons that follow, we affirm.

**{¶2}** In December 2013, R.J. filed a pro se objection in the juvenile court to a Cuyahoga Support Enforcement Agency's child support order that concerned three of his minor children. The order required him to pay $332.43 per month to L.J., the mother of the three children. The objection stemmed from R.J.'s belief that he was not receiving credit for child support taken from his social security income, and that L.J. was reporting fraudulent child care expenses for the youngest child.[1] The court held several pretrials over the course of the year and eventually set a trial date for December 16, 2014. On the morning of the scheduled trial, R.J. and L.J. came to an agreement on child support, which the juvenile court magistrate read into the record as follows:

> The court: Okay. All right. The agreement is as follows; that the objection filed by [R.J.] will be sustained and that it will be granted. And that what the terms of the agreement are is that effective from October 1st, 2013 through November 30th, 2014 that [R.J.] shall pay the amount of $108.64 per month, per child plus a 2% processing fee.
>
> And that effective as of June 1st — I'm sorry. June 15th, 2014 the support order for the oldest [sic] child, * * *, shall terminate and that payment on the arrears for [the eldest child] will continue at the rate of $108.64 per

---

[1] The youngest child was 11 years old at the time of the December 2013 order. From what we can discern from the pretrial hearing transcripts, the court found it unbelievable, after reviewing the evidence presented, that child care costs totaled $5,220.00 annually for what was essentially after-school child care.

month plus a 2% processing fee until the payment on arrears in that situation have been satisfied.

With regards to the two remaining children, * * *, that effective December 1st [sic], 2014, the payment per child — and this number does not include the 2% processing fee[,] [t]he payment per child shall be $59.14 and that he shall pay an additional $23.44 as payment on the arrears in the case for those children commencing on December 1st, 2014. All right. Did I get it all?

L.J. (Mother): I believe so.

R.J. (Father): Yes

{¶3} The magistrate then issued an order indicating that it was sustaining R.J.'s objection to the child care expenses on the basis that the child care expenses were not accurately and appropriately documented in such a way that job and family services could make accurate support calculations. It further found that the child care costs were excessive and unreasonable given the parties' relative combined income. However, the court went on to indicate in its order that despite its finding of incorrect child care calculations and excessive child care costs, the parties agreed that L.J. paid $5,220.00 in child care costs from October 1, 2013 through November 30, 2014, and that all child care expenses paid by her for that period should be taken into consideration. The court also stated in its order that the parties agreed that L.J. paid $1,951.04 in annual health insurance premiums. The order then stated that commencing December 1, 2014, the

child care expenses paid by the mother would be eliminated from the child support guidelines worksheet and father would provide child care for the youngest child.

{¶4} The order stated that R.J. was to pay $332.43 per month for child support, which sum included a 2 percent processing fee (i.e., $110.81 per month per child) commencing on October 1, 2013, and that order was based on calculations in the child support computation worksheet attached as exhibit A to the order. The order reflected the termination of child support for the eldest child, beginning June 15, 2014, the child's eighteenth birthday, but stated that beginning June 16, 2014, R.J. would pay $110.81 per month (2 percent processing fee included) for current child support arrearage due to the mother for the eldest child. R.J. was also ordered to pay $23.44 per month per child, which sum includes a 2 percent processing fee commencing December 1, 2014, for any and all child support arrearage due to L.J. for the two unemancipated minor children.

{¶5} Lastly, the order stated that by agreement of the parties, beginning December 1, 2014, the $332.43 per month sum would be reduced to $120.64 per month (i.e., $60.32 per month per child including 2 percent fee) and which order is based on calculations in the child support computation worksheet attached as exhibit B. Although exhibit B (which outlined the agreement commencing December 1, 2014) was signed by both parties, exhibit A (outlining child support obligations for the period of October 1, 2013 through November 30, 2014) was not signed by either party.

{¶6} On December 30, 2014, R.J., pro se filed objections to the magistrate's decision. In his objection R.J. complained that exhibit A reflected the same order that he

objected to originally in December 2013. According to R.J., the worksheet did not reflect the annual child support amounts he pays for three other minor children, and that exhibit A still reflects the fraudulent child care expenses he objected to originally and incorrect medical expenses. He claims that child care expenses should have been reported in the document as $0 instead of $5,220.00 and that medical costs for the children were $197.10 a year instead of $1,951.04. Finally, R.J. argued that L.J. received $720 per child from his social security income in 2013, totaling $3,624 directly that has not been credited toward his support obligation. The trial court overruled the objections and approved and adopted the magistrate's order. It is from that decision that R.J. now appeals.

{¶7} In his sole assignment of error, R.J. contends that the magistrate erroneously issued a decision that was inconsistent with the in-court discussions of the parties and child support guidelines attached as exhibits A and B. More specifically, R.J., claims that he never agreed to pay $332.43 per month, for the time frame of October 2013 through November 2014, and that he only agreed to pay $59.14 per month plus a 2 percent processing fee, per child (minus the emancipated child) starting December 1, 2014.

{¶8} R.J. relies on the fact that neither party signed the child support computation worksheet, exhibit A, which calculated the child support order for October 1, 2013 to November 30, 2014, in support of his argument that he never agreed to pay the $332.43

per month. While R.J. maintains that he did not agree to pay this amount, the record on appeal belies that assertion in several respects.

{¶9} To begin, R.J. admits in his brief that he agreed in open court to pay $108.64 per month, per child, plus a 2 percent processing fee. The $108.64 amount when multiplied by three to reflect the support for each child, totals $325.92. When the 2 percent processing fee is factored into this amount, the total becomes $332.43. This is the precise amount reflected in the child support guidelines attached as exhibit A. Therefore, it is clear that he did agree in open court to certain amounts that when added together would equal $332.43 per month for the October 1, 2013 to November 30, 2014 time frame.

{¶10} Moreover, in his objections to the magistrate's decision, R.J. never asserted the argument — as he does now — that he did not agree to pay child support for in the amount of $332.43 per month for October 1, 2013 to November 30, 2014. Rather, the only objections he made to the magistrate's order were to certain line calculations in exhibit A, specifically he alleged incorrect calculations of certain child care and medical expenses, and alleged improper deductions from his social security income. Lastly, in his objections to the magistrate's decision and on appeal, R.J. fails to indicate to the court what the precise agreement was, if not the one outlined in exhibit A.

{¶11} Because the record before us does not support R.J.'s argument that he did not agree to pay $332.43 per month for the October 1, 2013 to November 30, 2014 support period, we affirm the trial court's decision.

**{¶12}** Judgment affirmed.

It is ordered that appellee recover of said appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court — juvenile division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR